USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 21, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
:
KENNEDY REYES  :
:
                    Petitioner,  :
:
      -v-  :   16-cv-9468 (KBF)
:   13-cr-0982 (KBF)
:
UNITED STATES OF AMERICA,  :   OPINION & ORDER
:
                    Respondent.  :
:
------------------------------------------------------------ X

KATHERINE B. FORREST, District Judge:

      Kennedy Reyes, currently incarcerated at F.C.I. Fort Dix, brings a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Reyes was sentenced on January 20, 2015 to 144 months for conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 841(b)(1)(A). Reyes contends that his 144-month sentence was the result of his counsel's failure to: (1) object to the Government's position that he was not entitled to a one-level reduction in his base offense level; (2) object to the imposition of the statutory mandatory minimum for a crime involving five or more kilograms of cocaine; and (3) investigate the factual recitation outlined in the PSR.

      Having carefully reviewed Reyes's petition, the Government's opposition, and the record, the Court finds that his motion is without merit and should be summarily denied, without an evidentiary hearing. See Fed. R. Governing Sec. 2255 Proceedings in the U.S.D.C. 4(b) ("If it plainly appears from the motion, any

attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."). Thus, for the reasons set forth below, Reyes's motion to vacate is DENIED.

I. BACKGROUND

The facts in this case have been laid out extensively elsewhere (see, e.g., Presentence Investigation Report (ECF No. 53) ("PSR"); Memorandum of Law of the United States of America in Opposition to Kennedy Reyes's Pro Se Motion Under U.S.C. § 2255), so the Court will give just a brief overview. On July 2, 2014, Reyes pled guilty to conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine. Starting in 2011, and ending with his arrest on December 6, 2013, Reyes acted as "both a broker of kilogram-quantities of cocaine" from locations including Houston and Puerto Rico, as well as a seller of "small amounts of cocaine to street-level customers out of his barbershop in the Bronx, New York." (PSR ¶ 9.) Five days before Reyes's trial was scheduled to begin on July 7, 2014, he pled guilty with the benefit of a plea agreement before a Magistrate Judge. (See Plea Tr.) On January 20, 2015, this Court sentenced Reyes to 144 months of incarceration. (Sen. Tr. 22:7-10.)

II. LEGAL PRINCIPLES

Pro se litigants, such as petitioner, are "entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham

2

v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).  Nevertheless, a Court may dismiss a petition under § 2255 without holding an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013) (quoting 28 U.S.C. § 2255); see also Fed. R. Governing Sec. 2255 Proceedings for the U.S.D.C. 4(b) ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

In order to properly demonstrate ineffective assistance of counsel, petitioner "must [first] show that counsel's representation fell below an objective standard of reasonableness," as measured against "prevailing professional norms."  Strickland v. Washington, 466 U.S. 668, 688 (1984).  In addition, he must demonstrate that counsel's "deficient performance prejudiced the defense," id. at 687, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.  For the reasons set forth below, Reyes cannot demonstrate that his counsel's assistance fell below the constitutional standard.

III. ANALYSIS

In his petition, Reyes contends that his sentence is the result of ineffective assistance of counsel.  Specifically, he alleges that his counsel failed to object to: the government's withholding of an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) ("Claim 1"); the imposition of a mandatory minimum sentence on the

3

grounds that Reyes did not plead sufficient facts to warrant its imposition ("Claim 2"); and the PSR's factual narrative ("Claim 3").

Not one of Reyes's three claims meets the Strickland standard. As to Claim 1, different action by Reyes's counsel with regards to a one-level reduction from the base-offense level would have been fruitless—the Government did not move for the reduction, which is a prerequisite. Additionally, this Court noted at the sentencing proceeding that the sentence was the "right sentence," even if no minimum had been available. Claim 1 thus does not sufficiently allege that Reyes's counsel acted objectively unreasonably or that, if counsel had objected, the outcome would—or could—have been any different without a motion from the Government.

With regard to Claim 2, the Court finds a similar result. Reyes claims that his counsel failed to object to the plea allocution, which resulted in the triggering of enhanced penalties when it should not have, based on the amount of cocaine at issue. However, the transcript of the plea proceedings demonstrates the clarity with which the magistrate judge questioned Reyes, and thus the fact that Reyes understood he was pleading guilty to conspiring with a group of people to collectively distribute five or more kilograms of cocaine, and that this would trigger the statutory minimum of 120 months. (ECF No. 30, Plea Tr. 17:14-19; id. 9:22 to 10:8.)

Finally, as to Claim 3, Reyes alleges no specific facts to convince the Court that, had his counsel investigated more fully, he would have discovered evidence that would have influenced the Court's sentencing decision. To succeed on this

4

claim, Reyes must demonstrate, by a preponderance of the evidence, that the PSR's factual assertions were incorrect, and that different facts would have influenced his sentencing. Reyes does not allege any facts that do this.

With respect to all three claims of ineffective assistance of counsel, Reyes fails to satisfy the Strickland standard and to raise any issues of fact that, if resolved, would have affected his sentencing. The Court does not find that the claim warrants an evidentiary hearing.

IV. CONCLUSION

For the reasons set forth above, petitioner's motion to vacate, set aside or correct his sentence is DENIED. The Court declines to issue a certificate of appealability, as Reyes has not made a substantial showing of a denial of a federal right. See Matthews v. United States, 682 F.3d 180, 185 (2d Cir. 2012). The Clerk of Court is directed to terminate Reyes's petition at 16-cv-9468 No. 1 and 13-cr-982 ECF No. 60 and to terminate 16-cv-9468.

SO ORDERED.

Dated:    New York, New York
           August 21, 2017

                                       KATHERINE B. FORREST
                                       United States District Judge